UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRE SMITH,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>ATT, INC., et al.,<br><br>　　　　　　　　　　　　Defendants. | Case No.: 17-CV-723-CAB-WVG<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO QUASH SUBPOENA**<br><br>**[ECF NO. 58]** |

## I. INTRODUCTION

Presently before the Court is Plaintiff Andre Smith's motion to quash two subpoenas issued on Crawford High School and Darnell Charter School. For the reasons that follow, the Court **DENIES** Plaintiff's motion.

## II. RELEVANT BACKGROUND

On or about June 7, 2018, Defendant Pacific Bell Telephone Company served subpoenas on Crawford High School and Darnell Charter School. (Mot., ECF No. 58-1 at 2:25-28.) The subpoenas sought the attendance records for Monae Jones. (Def's Opp'n, ECF No. 60 at 6:11-13.) On June 11, 2018, Plaintiff filed a motion to quash the subpoenas. (ECF No. 50.) However, the Court rejected Plaintiff's motion for failing to secure a hearing date. (ECF No. 51.) On July 10, 2018, Plaintiff filed the present motion to quash, after properly securing a hearing date. On July 12, 2018, the Court ordered Plaintiff to file further

briefing that articulated his standing to bring the present motion. (ECF No. 59.) Plaintiff failed to file further briefing. On August 3, 2018, Defendant timely filed its opposition.

### III. LEGAL STANDARD

Federal Rule of Civil Procedure ("Rule") 45(d)(3) permits a court to quash or modify a subpoena. This may be done when the subpoena "requires disclosure of privileged or other protected matter," Fed. R. Civ. P. 45(d)(3)(A)(iii), or to "protect a person subject to or affected by a subpoena," Fed. R. Civ. P. 45(d)(3)(B). However, "a party has no standing to quash a subpoena served upon a third party, except as to claims of privilege relating to the documents being sought." *California Sportfishing Protection Alliance v. Chico Scrap Metal, Inc.*, 299 F.R.D. 638, 643 (E.D. Cal. 2014).

### IV. DISCUSSION

Here, Plaintiff is seeking to quash subpoenas served on two third parties for records pertaining to Monae Jones. Plaintiff's motion in no way articulates any claims of privilege relating to the documents being sought. Moreover, despite being offered the opportunity to demonstrate his standing, Plaintiff failed to do so. Accordingly, the Court **DENIES** Plaintiff's motion for lack of standing.

### V. CONCLUSION

For the reasons set forth above, the Court **DENIES WITH PREJUDICE** Plaintiff's motion to quash the subpoenas served on Crawford High School and Darnell Charter School.[1]

**IT IS SO ORDERED**.

Dated: August 17, 2018

Hon. William V. Gallo
United States Magistrate Judge

---

[1] In his motion, Plaintiff also moves for fees pursuant to Rule 45(c). (Mot. at 6:19-28.) Rule 45(c) contains no provision supporting this request. For that reason, the Court would deny Plaintiff's request. However, since Plaintiff did not prevail in his motion, the Court **DENIES** his request for fees on that ground.